Edward Burns, Esq. (SBN 201913)
Lisa Reichenthal, Esq. (SBN 179836)
BURNS & SCHALDENBRAND
509 North Coast Highways
Oceanside, California 92054
Telephone (760) 453-2189
Facsimile (760) 453-2194
ewburns@bsrlawyers.com

Attorneys for Plaintiff, Wheel Pros, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHEEL PROS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> MOBILE HI-TECH WHEELS; FUEL WHEELS, and DOES 1-25; <br><br> Defendants | Case No.: <br><br> **COMPLAINT FOR FEDERAL AND STATE TRADEMARK, INFRINGMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Wheel Pros LLC ("Wheel Pros or Plaintiff") alleges against Defendants Mobile Hi-Tech., ("MHT") and DOES 1 – 25 (collectively, "Defendant" or "Defendants") as follows:

## INTRODUCTION

1. This action is brought to recover damages and for injunctive relief arising under the trademark laws of the United States and related state laws, and this Court has original jurisdiction of the subject matter for each of the following claims:

**COMPLAINT**

      b.     Trademark infringement, Unfair Competition and False Designation of Origin in violation of the *Lanham Act*, 15 U.S.C § 1051 *et. seq.*, with jurisdiction vested in this Court by virtue of 15 U.S.C. §§1121, and 28 U.S.C § 1331, 1332 and 1338(a).

      c.     Trademark infringement in violation of state common law with jurisdiction vested in this Court by virtue of 28 U.S.C §§ 1332, 1338(b) and 1367(a).

      d.     Unfair competition in violation of California common law with jurisdiction vested in this Court by virtue of 28 U.S.C § 1332, 1338(b) and 1367(a).

      e.     Unlawful competition in violation of Cal. Bus. & Prof. Code § 17200, with jurisdiction vested in this Court by virtue of 28 U.S.C § 1332, 1338(b) and 1367(a).

2. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district by virtue of 28 U.S.C § 1391(b) in that Defendants are located, and have sold (or caused to be sold) infringing product in the Central District. In addition, acts of infringement and unfair competition have been committed in this District.

## THE PARTIES

4. Wheel Pros is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located at 5347 S. Valencia Way, Suite 200, Greenwood Village, Colorado, 80111. Plaintiff maintains operations, manufacturing, warehousing and sales operations in this district.

5. Wheel Pros is informed and believes, and on that basis alleges, that Defendant Mobile Hi-Tech Wheels is a corporation organized and existing under the laws of the State of California having its principle place of business located at 19200 S. Reyes Avenue, Rancho Dominguez, California 90221.

///

-2-

**COMPLAINT**

6. Doe Defendants 1 – 25 are entities and individuals who acted jointly and in concert to commit the acts complained of herein. The Doe Defendants true names and capacities are presently unknown to Plaintiff but are likely to be obtained through discovery. Together with Defendant MHT each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences alleged in this complaint. Defendant MHT and each of the fictitiously name Defendants proximately caused the damages alleged herein.

**WHEEL PROS HAS EXCLUSIVE TRADEMARK RIGHTS IN THE EFX TRADEMARK**

7. Wheel Pros is the exclusive owner of all rights, title and interest in and to:

a. U.S. Trademark No. 3304846. A true and correct copy of such trademark is attached as Exhibit 1.

8. Wheel Pros is a well-known vehicle wheel and tire manufacturer and marketer. Wheel Pros distributes more than two-dozen brands of high-performance wheels and tires for cars, trucks, SUVs, ATVs, UTVs, Goal Carts and LSVs including a full line of company-branded wheel and tire products. In addition to one-piece and multi-piece wheels with contemporary styling, Wheel Pros offers a selection of classic wheel styles reminiscent of hot-rod happy days for racecar and drag racing enthusiasts. It also has a full line of performance tires, its "EFX" tires. It sells to customers in about 30 countries worldwide.

9. Wheel Pro's sales have been extensive, with a substantial portion of those sales include the EFX tire designs.

10. The tires with the EFX mark are widely recognized by consumers as emanating from Wheel Pros, and the distinctive designs on such tires are key to such extensive consumer recognition.

11. In addition to the basic elements of the Wheel Pros trademark described above, there are a number of other features which when used in combination with the

**COMPLAINT**

basic elements serve to identify and reinforce further to consumers that the products are, in fact, products of Wheel Pros or are sponsored by, approved by, or otherwise associated with Wheel Pros.

## WHEEL PROS' EFX TRADEMARK
## IS UNIQUE AND INHERENTLY DISTINCTIVE

12. The trademark referred to above is inherently distinctive. The EFX trademark is unique and unusual and no other manufacturer uses them, individually or collectively, to denote source in the automotive industry, as Wheel Pros does.

13. In addition to the inherent distinctiveness of Wheel Pros', EFX trademark, such trademark has been marketed so extensively, and has been so favorably received by the public that such trademark has achieved tremendous consumer recognition in the market place.

14. Wheel Pros' sales success came after expending great amounts of time, effort, and money in the promotion and advertisement of its goods under its EFX trademark. This promotional effort includes extensive internet, social media, and print media advertisements, promotion of products by Wheel Pros personnel, suppliers, dealers, and other promotional events and activities, sponsorships, and the like.

15. The widespread recognition and popularity of Wheel Pros tires with the EFX mark have been unwavering. Wheel Pros popularized the brand through extensive advertising and promotion so that consumers would recognize the trademarks of its wheels and tires.

16. As a result of the widespread and continuous use and promotion of the trademarks described above, such trademarks are well-known throughout the United States and have become widely known and recognized as identifying Wheel Pros as the source of a variety of products including, without limitation, tires with the EFX trademark and as distinguishing the source of these goods from those of others. The trademark has come to, and now does, represent and symbolize the enviable

reputation and very valuable goodwill of Wheel Pros among advertisers, consumers and retail establishments.

17. The EFX trademark today is almost universally recognizable within the wheel and tire industry and has one of the most stable and loyal customer bases in the industry.

18. The aforementioned trademark represents and symbolizes one of the highest quality and most durable tires in the industry.

## DEFENDANTS HAVE WILLFULLY, INTENTIONALLY AND MALICIOUSLY IMITATED WHEEL PROS' EFX TRADEMARK

19. Defendants, their agents, employees and representatives, are aware of Wheel Pros' enviable reputation and goodwill in its EFX trademark.

20. MHT sells tires defining those tires as "EFX" Performance tires. See Exhibit 2 incorporated by reference herein.

21. Both sell wheels and tires and are in the automotive industry.

22. Defendants advertise, promote and sell their "EFX" labeled tires. This is identical to, and confusingly similar, to Wheel Pros' EFX trademark and Defendants have infringed, and are continuing to infringe on Defendants brand.

23. The use of Defendant's EFX on Defendant's tires are identical and confusingly similar to Wheel Pros' EFX trademark for tires, and are likely to cause confusion, to cause mistake, or to deceive, as to their sponsorship or origin.

24. Defendants have advertised and promoted, are advertising and promoting, and will continue to advertise, promote and distribute the infringing tires unless enjoined by this court.

25. Wheel Pros is further informed and believes, and thereon alleges, that unless enjoined and restrained by the Court, Defendants will manufacture, purchase, import, advertise, promote, offer for sale, sell and/or distribute its infringing tires.

26. The advertisements, promotions, sales, distributions and offers for sale of the tires are causing and will continue to cause a likelihood of confusion, mistake

or deception and actual confusion among purchasers of tires as to the source of those products. Such advertisements, promotions, sales, distributions and offers for sale are diminishing, and/or will continue to diminish, the distinctiveness and the valuable goodwill and reputation of the Wheel Pros' trademark, and are resulting in, and will continue to results in, lost sales of wheels by Wheel Pros. Such acts will also continue to cause irreparable harm to Wheel Pros.

27. Defendants have used, are using, and Wheel Pros is informed and believes, and thereon alleges that Defendants will continue to use the trademark in connection with the tires, which have created, are creating, and will continue to create a strong likelihood of confusion, mistake, or deception among purchasers of Defendants' goods and with the tires advertised, promoted, distributed and sold by Wheel Pros.

28. Defendants' use of "EFX" tires is identical and confusingly similar to Wheel Pros' EFX trademark on or in connection with the promotion, advertising, sale, offering for sale, or distribution of its tires constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125 (a), because such acts constitute false representations, false descriptions, false designations of origin and cause a likelihood of confusion deception and mistake by the consuming public and the trade, and disparages Wheel Pros' goodwill and reputation.

29. Defendants' use of "EFX" is identical to Wheel Pros' distinctive trademark and creates a likelihood that a false and unfair association will be made between Defendant's tires and the tires of Wheel Pros, so that the purchasing public is likely to believe, that Defendant's tires are products of Wheel Pros or are associated with, affiliated with or otherwise sponsored by Wheel Pros.

30. Defendants' unlawful acts, unless restrained, are likely to continue to cause actual confusion, mistake or deception to the purchasers of Defendant's tires and Wheel Pros' tires.

///

**COMPLAINT**

## DEFENDANTS' CONDUCT IS CAUSING IRREPARABLE HARM TO WHEEL PROS

31. Defendants' acts have caused and, unless restrained, will continue to cause Wheel Pros to suffer substantial irreparable damages and injury through, inter alia, a likelihood of confusion, deception and mistake among the relevant purchasing public and the wheel and tire trade, as to the source, origin, sponsorship or approval of the goods associated with Wheel Pros' EFX trademark; and depreciation of Wheel Pros' valuable goodwill and business reputation symbolized by its distinctive trademark.

32. Wheel Pros has suffered loss of profits and other damages from the confusion, mistake and deception resulting from the acts of Defendants, and Wheel Pros is informed and believes, and thereon alleges, that Wheel Pros will continue to suffer such damages unless and until Defendants are enjoined and restrained by this Court from engaging in the acts complained herein.

33. Wheel Pros has no adequate remedy at law, because injury to its reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

## **FIRST CLAIM FOR RELIEF**

**Federal Trademark Infringement and False Designation of Origin of U.S. Trademark No. 3304846**

34. Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

35. Defendants have offered for sale tires with the infringing "EFX" mark in the United States through retail outlets infringing on U.S. Trademark No. 3304846 with defendants' EFX logo (Exhibit 2).

36. Defendants have infringed Wheel Pros' EFX trademark rights, competed unfairly with Wheel Pros, and misappropriated and traded upon Wheel Pros'

**COMPLAINT**

goodwill and business reputation by falsely representing the source of its tires as being sponsored by, approved by, or affiliated with Wheel Pros in a manner that is likely to cause confusion among ordinary consumers.

37. Wheel Pros is informed and believes and thereon alleges, that Defendants are, in various ways, through their agents and employees, falsely representing to potential purchasers of their tires that such goods are affiliated, connected or associated with Wheel Pros by reasons of the infringing use of Wheel Pros' distinctive EFX trademark.

38. Defendants are making false and misleading representation by engaging in commercial advertising using a trademark which is identical to Wheel Pros' EFX trademark.

39. Defendants are using in commerce false designations of origin, false and misleading descriptions of fact or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Wheel Pros and as to the source, sponsorship or approval of Defendants' goods, services or commercial activities by Wheel Pros.

40. Defendants' awareness of Wheel Pros' trademark and Defendants' continued infringement makes such infringement willful, entitling Wheel Pros to enhanced damages and an award of attorney's fees.

41. Wheel Pros is informed, and thereon believes, that Defendants have further made substantial profits to which they are not equitably entitled.

42. As the result of the foregoing, Defendants are infringing on Wheel Pros' trademarks in violations of the Lanham Act 15 U.S.C. § 1051 et seq.

///
///
///
///

## SECOND CLAIM FOR RELIEF

**California State Law - Trademark Infringement and Unfair Competition**

43. Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

44. Defendants have offered for sale the tires with the infringing "EFX" on them in the United States through retail outlets infringing on United States Trademark No. 3304846 with defendants' EFX logo.

45. Defendants' conduct alleged herein was intended to use Wheel Pros' EFX trademark in a manner which is likely to confuse and mislead member of the relevant public as to the source, sponsorship, approval or license of Defendants and of certain of Defendants' products, and as to the false association or affiliation of said products with Wheel Pros. Defendants' conduct as alleged herein was intended to confuse and mislead members of the public, and members of the public will believe that Wheel Pros sponsored, approved, or is affiliated with Defendants and that Wheel Pros originated, approved or licensed the tires.

46. Defendants' conduct alleged herein infringes Wheel Pros' common law trademark rights, is improper and constitutes common law trademark infringement and unfair competition with Wheel Pros, all of which have damaged and will continue to irreparably damage Wheel Pros' goodwill and reputation unless restrained by this Court, because Wheel Pros has no adequate remedy at law for Defendants' conduct.

## THIRD CLAIM FOR RELIEF

**Violation of State Statutory Unfair Competition Laws**

47. Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

48. Defendants have engaged in unfair trade practices within the meaning of the California Business and Professions Code §§ 17200 *et. seq.*, by engaging in the acts alleged herein, including:

   a. Causing a likelihood of confusion or a mistake as to the source, sponsorship, approval or certification of Defendants' goods'

   b. Causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendants' products with Wheel Pros and its goods;

   c. Representing that some of their goods have sponsorship, approval, characteristics or qualities that they do not have, or that Defendants' tires have a sponsorship, approval, status, affiliation or connection that they do not, in fact, are;

   d. Disparaging the goods and business of Wheel Pros by making false and misleading representations of fact; and

   e. Engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

49. Defendants' actions alleged herein and their unlawful trade practices are willful and intentional and are likely to cause substantial injury to the public and to Wheel Pros, and Wheel Pros, therefore, is entitled to injunctive relief pursuant to California Business and Professions Code § 17203.

## PRAYER FOR RELIEF

WHEREFORE, Wheel Pros prays for judgment against Defendants as follows:

1. A judgment that Defendants' have infringed the trademark;

2. A judgment that Defendants' infringement of the trademark was willful, intentional and malicious;

3. That Defendants, and each of their agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation be enjoined and restrained preliminarily and perpetually and permanently from:

**COMPLAINT**

a. Infringing any of common law trademark and U.S. Trademarks No. 3304846;

b. Using in any manner any of the Wheel Pros trademarks (including, without limitation, the, EFX trademark), alone or in combination with any word or words, or using any other words, symbol, configurations or designs which so resemble said marks as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for Wheel Pros;

c. Attempting to inducing or enabling others to sell any product as a product affiliated with or sponsored by Wheel Pros, which product is not produced under the authorization, control and supervision of Wheel Pros and approved by Wheel Pros for sale under the Wheel Pros trademark;

d. Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendants' products are associated with, sponsored by, approved by, guaranteed by, affiliated with or produced under the control and supervision or within the authority of Wheel Pros;

e. Otherwise competing unfairly with Wheel Pros in any manner;

f. Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials, goods or inventory bearing any of Wheel Pros' trademarks, (including, without limitation, the EFX trademark, which materials, goods or inventories were not manufactured by or for Wheel Pros or authorized by Wheel Pros to be used, sold or offered for sale in association with or bearing the Wheel Pros trademarks;

  g. Obtaining, possessing, manufacturing or using any tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing the Wheel Pros trademark and packaging and advertising or display material relating thereto; or

  h. Continuing to perform in any manner whatsoever any infringing acts.

4. That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the infringing trademark;

5. That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the infringing trademark, alone or in combination with any other words, or any other words or symbols which so resemble the Wheel Pros trademark as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed or otherwise authorized by Wheel Pros;

6. That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all disks, tapes, computer graphic files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of the Wheel Pros' trademark which are for use on products, containers, packaging, disks, tapes, labeling, advertising and display literature or other material not authorized by Wheel Pros.

**COMPLAINT**

7. That Defendants' be required to supply Wheel Pros or its attorneys with a complete list of entities from whom it purchased and to whom it distributed and sold products, in bulk, in connection with the unauthorized simulation of Wheel Pros' trademark.

8. That Wheel Pros be awarded damages against Defendants adequate to compensate Wheel Pros for Defendants' infringement of the trademark;

9. That all trademark damages against Defendants be trebled on the basis of Defendants' willful infringement of the trademark;

10. That Defendants be required in accordance with 15 U.S.C. § 1117, to account for and pay to Wheel Pros the following:

   a. Three times all gains, profits, benefits and advantages derived by Defendants and three times all damages suffered by Wheel Pros from the above-described acts of trademark infringement, misrepresentation, unfair trade practices and unfair competition and that such amounts be determined by the Court;

11. And such other damages as the Court shall deem to be just; and

12. All costs and attorneys' fees incurred in this action.

13. That Defendants be required to pay Wheel Pros punitive and enhanced damages in an amount as the Court may determine for malicious, willful, intentional, deliberate and tortious conduct of Defendants.

14. Any other and further relief as the Court may deem just and proper.

January 18, 2017                    BURNS & SCHALDENBRAND

                                    By /s/ Edward W. Burns
                                    EDWARD BURNS, ESQ.
                                    Attorney for Wheel Pros, LLC

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Wheel Pros, LLC hereby demands a jury trial on all issues in the Complaint so triable.

Dated: January 18, 2017    BURNS & SCHALDENBRAND

By /s/ Edward W. Burns
EDWARD BURNS, ESQ.
Attorney for Wheel Pros, LLC

**COMPLAINT**